## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| David Girard,<br><br>　　　　　Plaintiff,<br>v.<br><br>Enhanced Recovery Company, LLC,<br><br>　　　　　Defendant. | Civil Action No.: 4:16-cv-00786<br><br><br>**COMPLAINT**<br>JURY |

For this Complaint, Plaintiff, David Girard, by undersigned counsel, states as follows:

### **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### **PARTIES**

4. Plaintiff, David Girard ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enhanced Recovery Company, LLC ("ERC"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

6.     A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to ERC for collection, or ERC was employed by the Creditor to collect the Debt.

9.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **ERC Engages in Harassment and Abusive Tactics**

10.     In December 2015, ERC began calling Plaintiff in an attempt to collect the Debt from a female stranger.

11.     On or about December 28, 2015, Plaintiff advised ERC that it had the wrong number and demanded that all calls to his telephone number cease.

12.     Nevertheless, ERC continued to call Plaintiff in an attempt to collect the Debt.

**C.**     **Plaintiff Suffered Actual Damages**

13.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

18. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

20. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

23. Defendant are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

24. Defendant caused a telephone to ring repeatedly, with the intent to annoy Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

25. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2), and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

3. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

4. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

5. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 14, 2016

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
*Attorneys for Plaintiff*